IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MONE SHIPPING CO. | § § § § | |
| Plaintiff, | | |
| VS. | § § | C.A. NO. _____ |
| | | ADMIRALTY – Rule 9(h) |
| NORVIC SHIPPING INTERNATIONAL, LTD. | § § § | |

## VERIFIED ORIGINAL COMPLAINT

Plaintiff Mone Shipping Co. ("Mone"), by and through its attorneys, Royston, Rayzor, Vickery & Williams, L.L.P., as and for its Verified Original Complaint against Defendant Norvic Shipping International, Ltd. ("Norvic"), *in personam,* and for maritime attachment and garnishment of the property of Norvic, and subject and reserving Mone's rights and defenses pursuant to the applicable charter party between Mone and Norvic, including arbitration, respectfully alleges as follows, upon information and belief:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, under 28 U.S.C. § 1333, and under the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is brought pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Federal jurisdiction also exists because this action arises under the New York Convention and Recognition and Enforcement of Foreign

Arbitral Awards at 9 U.S.C. § 201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

2.   Venue is proper in this Court because the property of Defendant Norvic, namely the bunkers and fuel oil aboard the M/V TAI SPLENDOR, as well as certain advances, monies, goods and chattels, or credits and effects, which belong to, are the property of, are held in a fiduciary capacity for, are owed to or are otherwise claimed by Defendant Norvic, which are in the possession, custody or control of the Master aboard the M/V TAI SPLENDOR, a vessel which now is or will be during the pendency of this action within this District and Division.

## **PARTIES**

3.   At all material times, the Plaintiff, Mone, was and now is a corporation or other business entity duly organized and existing under laws of a foreign state, engaged in the business of owning, operating, managing, and/or chartering ocean going vessels and was the owner of the Liberian flagged vessel M/V KAVALA SEAS (sometimes referred to as the "Vessel").

4.   At all material times, the Defendant, Norvic, is a corporation or other business entity organized and existing under the laws of a foreign state and was the time charterer of the M/V KAVALA SEAS at all relevant times, and is also the time charterer of the M/V TAI SPLENDOR.  On information and belief through marine market sources Defendant Norvic is the owner of the bunkers onboard the M/V TAI SPLENDOR.

## FACTS

5. On or about September 13, 2018, Plaintiff Mone, as owner, time chartered the M/V KAVALA SEAS to Defendant Norvic, as charterer, pursuant to a New York Produce Exchange Charter Party (the "Charter Party"). A true and correct copy of the Charter Party is attached as Exhibit "A", and is fully incorporated by reference.

6. Under the Charter Party, Norvic had full use of the M/V KAVALA SEAS and was under an obligation and responsibility to carry out cargo operations without causing any damage to the Vessel.

7. Notwithstanding the above, in October/November 2018, Norvic loaded a cargo of coal in bulk onboard the Vessel, which caught on fire in the Vessel's holds, through no fault whatsoever of the Plaintiff Mone, or of the Vessel, which fire caused severe damage to the Vessel's cargo holds 1, 2, 3 and 5 as well as double bottom ballast water tanks 2 and 3 (port and starboard).

8. Additionally, on or about October 31, 2018, the stevedore performing cargo operations at the same port, who were appointed by Defendant Norvic and acting for Defendant Norvic, caused additional damages to the Vessel as will be more fully described and supported by Plaintiff in arbitration.

9. Under the terms and conditions of the Charter Party, Mone is entitled to reimbursement for the above damages and other related damages from Norvic because these losses were caused by Norvic's or their authorized agents wrongful actions.

10. Mone has properly invoiced and claimed against Norvic for the amount due and owing in the total amount of $487,016.92, but despite amicable demand, Norvic has refused to honor its obligations to Mone under the Charter Party, all in breach of the Charter Party, thereby necessitating the filing of this Verified Original Complaint.

## RULE B ALLEGATIONS

11. Plaintiff Mone is informed and believes that none of the officers of Defendant Norvic are now within the Southern District of Texas, that Defendant Norvic does not maintain an office within this District, that Defendant Norvic is not incorporated or registered to do business in the State of Texas, that Defendant Norvic does not have an agent for the receipt of service of process in Texas, and that Defendant Norvic cannot be found within this District for purposes of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

12. Plaintiff Mone is informed and believes that Defendant Norvic does now or will during the pendency of this action have certain goods and chattels, or credits and effects within the Southern District of Texas. Specifically, Plaintiff Mone is informed and believes that Defendant Norvic is the time charterer of the M/V TAI SPLENDOR. Under a time charter, the bunkers and fuel oil are typically owned by and are the property of the charterer. Therefore, Norvic is the owner of the bunkers and fuel oil aboard the M/V TAI SPLENDOR, which vessel now is or will be during the pendency of this action within the Southern District of Texas.

13. Additionally, Plaintiff Mone is informed and believes that the Master aboard the M/V TAI SPLENDOR, which vessel now is or will be during the pendency of this action within the Southern District of Texas, may have in his possession, custody or control certain advances, monies, goods and chattels, or credits and effects, which belong to, are the property of, are held in a fiduciary capacity for, are owed to or are otherwise claimed by Defendant Norvic.

14. Plaintiff Mone's admiralty and maritime claim arising from Defendant's breach of the Charter Party is $487,016.92 as of January 11, 2019, with interest accruing daily, plus costs of collection, expenses and attorney's fees. Plaintiff Mone seeks issuance of Process of Maritime Attachment and Garnishment and levy against the property of Defendant Norvic in the District, namely the bunkers and fuel oil aboard the M/V TAI SPLENDOR and certain advances, monies, goods and chattels, or credits and effects, which belong to, are the property of, are held in a fiduciary capacity for, are owed to or are otherwise claimed by Defendant Norvic in the custody or control of the Master of the M/T TAI SPLENDOR, up to the amount of its claim, $487,016.92, plus interest, costs, expenses, and attorney's fees.

15. Plaintiff Mone also seeks security in aid of arbitration for its entire claim, plus interest, costs, and attorney's fees by attaching the goods and chattels belonging to Defendant Norvic, namely the bunkers, and any fuel oil and marine diesel oil presently onboard the M/V TAI SPLENDOR, which, upon information and belief, is the property of Norvic, under the terms and conditions of the Charter Party between the owners/disponent owners/head charterers of the M/V TAI SPLENDOR and Norvic, and

certain advances, monies, goods and chattels, or credits and effects, which belong to, are the property of, are held in a fiduciary capacity for, are owed to or are otherwise claimed by Defendant Norvic in the custody or control of the Master of the M/V TAI SPLENDOR.

## ARBITRATION

16. This action is also in aid of arbitration. Clauses 46 and 70 of the Charter Party between Mone and Norvic dated September 13, 2018, contains an arbitration provision and Mone intends to commence arbitration under the Charter Party. Plaintiff Mone also specifically reserves all other rights contained therein against Norvic, none of which are waived.

17. After the attachment of Defendant Norvic's goods and chattels, credits and effects pursuant to the Process of Maritime Attachment and Garnishment and the sale of the attached property under the direction of this Court and the deposit of the sale proceeds into the registry of the Court, Plaintiff Mone requests that this action be stayed in favor of arbitration under the Charter Party, with this Honorable Court retaining jurisdiction to enforce any subsequent award issued in the arbitration against such property or sale proceeds.

## INDEMNITY IN FAVOR OF U.S. MARSHAL

18. Plaintiff Mone agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of attaching the bunkers aboard the M/V TAI SPLENDOR or the other property of Defendant Norvic aboard the M/V TAI SPLENDOR or in the possession, custody or control of the Master.

## CONDITIONS PRECEDENT

19.     All conditions precedent have been satisfied and/or discharged.

20.     All and singular of the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Plaintiff, Mone Shipping Co., prays:

A.      That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against Defendant Norvic Shipping International, Ltd., citing it to appear and answer all and singular the matters aforesaid:

B.      That process of maritime attachment and garnishment issue in the amount sued for, $487,016.92, together with attorney's fees, costs, expenses and interest, to attach and seize Defendant Norvic Shipping International, Ltd.'s goods, chattels, credits and effects, including, but not limited to the bunkers and fuel oil aboard the M/V TAI SPLENDOR, and any advances, monies, goods and chattels, or credits and effects, which belong to, are the property of; are held in a fiduciary capacity for, are owed to or are otherwise claimed by Defendant Norvic in the custody or control of the Master of the M/V TAI SPLENDOR;

C.      That as soon as is practical following the attachment and/or seizure of the Defendant Norvic Shipping International, Ltd.'s goods, chattels, credits and/or effects herein, a further hearing be held by this Court pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure to hear any objections that Defendant Norvic Shipping International, Ltd.'s may have to the attachment and/or seizure;

D. That any property attached in this proceeding may be sold under the direction of this Court and the proceeds brought into the registry of the Court;

E. That thereafter this action be stayed under 9 U.S.C. §§ 2, 3, 202, 203 and 206 pending the arbitration pursuant to the terms of the Charter Party, with this Honorable Court retaining jurisdiction to enforce an award issued in the arbitration against the attached property or sale proceeds;

F. That this Court retain jurisdiction over Norvic Shipping International, Ltd. to attach its property found within the District, in order to enter a judgment in favor of Mone and against Norvic, *in personam,* in the amount of $487,016.92, together with any additional amounts owed, including but not limited to, interest, costs and attorney's fees; and

G. That Plaintiff Mone may have such other further and different relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Dimitri P. Georgantas*
Dimitri P. Georgantas
Federal I.D. No. 2805
Texas State Bar No. 07805100
Eugene W. Barr
Federal I.D. No. 1144784
Texas State Bar No. 24059425
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone:  713.224.8380
Facsimile:   713.225.9945
Email: dimitri.georgantas@roystonlaw.com
          eugene.barr@roystonlaw.com

ATTORNEYS FOR PLAINTIFF
MONE SHIPPING CO.

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MONE SHIPPING CO. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | ADMIRALTY – Rule 9(h) |
| NORVIC SHIPPING | § | |
| INTERNATIONAL LTD. | § | |
| | § | |
| Defendant. | § | |

**VERIFICATION**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Eugene W. Barr, who being duly sworn, deposed and stated as follows:

"I am an attorney for Plaintiff Mone Shipping Co. in connection with the referenced matter. I have read the foregoing Verified Original Complaint and know the contents thereof, and that the same are true to the best of my knowledge, information and belief, based upon documentation and information provided to me by Plaintiff. The reason that I make this verification instead of Plaintiff is that Plaintiff does not have officers or directors within this District."

_____
Eugene W. Barr

SUBSCRIBED AND SWORN to before me on the 22nd day of February, 2019.

SYLVIA L. COOPER
My Notary ID # 2652944
Expires January 4, 2020

_____
Notary Public in and for the
State of Texas

63331:30481780